# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL BRYANT, | CASE NO. 1:17-CV-01261 LJO EPG |
| Plaintiff, | **SCHEDULING CONFERENCE ORDER** |
| | Initial Disclosures: Completed |
| v. | Nonexpert Discovery Cutoff: September 21, 2018 |
| | Expert Disclosure: October 5, 2018 |
| | Rebuttal Expert Disclosure: November 1, 2018 |
| | Expert Discovery Cutoff: December 14, 2018 |
| REGISTERED SLEEP STUDY SCORING SERVICES, INC., DBA DAN'S PRATHER PIZZA FACTORY, 3441 SOUTH WILLOW INVESTMENTS, L.P., | Dispositive Motion Filing Deadline: February 1, 2019 |
| | Settlement Conf.: Date: Not Set |
| | Mid-Discovery Conf: Date: July 11, 2018<br>Time: 9:30 a.m.<br>Dept: 10 |
| Defendants, | Pretrial Conf.: Date: June 5, 2019<br>Time: 8:15 a.m.<br>Dept: 4 |
| | Bench Trial:  Date: August 6, 2019<br>(4-day estimate) Time: 8:30 a.m.<br>Dept: 4 |

1

This Court conducted a scheduling conference on January 18, 2018. Counsel Zachary Best telephonically appeared on behalf of Plaintiff. Counsel Eric Kapigian telephonically appeared on behalf of Defendants. Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this action.

**I.     Amendment To The Parties' Pleadings**

Any amendment to the pleadings shall be made by **April 13, 2018**. The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule. Fed. R. Civ. P. 16 (b) (4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992). Moreover, any request for amendment under Fed. R. Civ. P. 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

**II.    Consent To Magistrate Judge**

The parties have not consented to Magistrate Judge jurisdiction. Out of fairness, the Court believes it is necessary to forewarn litigants that the Fresno Division of the Eastern District of California now has the heaviest District Court Judge caseload in the entire nation. While the Court will use its best efforts to resolve this case and all other civil cases in a timely manner, the parties are advised that not all of the parties' needs and expectations may be met as expeditiously as desired. As multiple trials are now being set to begin upon the same date, parties may find their case trailing with little notice before the trial begins. The law requires that the Court give any criminal trial priority over civil trials or any other matter. The Court must proceed with a criminal trial even if a civil trial was filed earlier and set for trial first. Continuances of any civil trial under these circumstances will no longer be entertained, absent a specific and stated finding of good cause. All parties should be informed that any civil trial set to begin during the time a criminal trial is proceeding will trail the completion of the criminal trial.

The parties are reminded of the availability of United States Magistrate Judge Erica P. Grosjean to conduct all proceedings in this action. A United States Magistrate Judge is available to conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule

of Civil Procedure 73, and Local Rule 305.  The same jury pool is used by both United States Magistrate Judges and United States District Court Judges.  Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.  However, the parties are hereby informed that no substantive rulings or decisions will be affected by whether a party chooses to consent.

Finally, the Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges.  Pursuant to the Local Rules, Appendix A, reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.  Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial.

### III. Fed. R. Civ. P. 26(a)(1)

Initial disclosures have been completed.

### IV. Discovery Cutoffs And Limits

All non-expert discovery shall be completed no later than **September 21, 2018.**  Initial expert witness disclosures shall be served no later than **October 5, 2018.**  Rebuttal expert witness disclosures shall be served no later than **November 1, 2018.**  Such disclosures must **be made pursuant to Fed. R. Civ. P. 26(a)(2)(A), (B) and (C), and shall include all information required thereunder**.  In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) specifically apply to discovery relating to expert witnesses and their opinions.  Each expert witness must be fully prepared to be examined on all subjects and opinions included in the disclosures.  Failure to comply with these requirements will result in the imposition of appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence offered through the expert.

All expert discovery shall be completed no later than **December 14, 2018.**  The parties are advised that motions to compel must be filed in advance of the discovery deadlines so that the Court may grant effective relief within the allotted discovery time.  A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

3

A Mid-Discovery Status Conference is set for **July 11, 2018, at 9:30 a.m.** in Courtroom 10, before Magistrate Judge Erica P. Grosjean. The parties are directed to file a joint report, of up to five (5) pages, outlining the status of the case, any additional discovery still planned, potential for settlement, and any other issues pending that would benefit from the Court's assistance/direction. The parties shall file the report one full week prior to the conference, and email a copy, in Word format, to epgorders@caed.uscourts.gov. If the parties are appearing telephonically, each party shall dial 1 (888) 251-2909 and enter access code 1024453.

**V.      Pretrial Motion Schedule**

   *A.      General Information Regarding Filing Motions*

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[1] *all* moving and opposition briefs or legal memoranda, including joint statements of discovery disputes, filed in civil cases before Magistrate Judge Grosjean, shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limits do not include exhibits. When scheduling motions (other than discovery motions) the parties shall comply with Local Rule 230.

Counsel or *pro se* parties may appear and argue motions by telephone, provided a request to so do is made to Michelle Rooney, Magistrate Judge Grosjean's Courtroom Deputy (unless prior permission has been given by the judge), no later than five (5) court days before the noticed hearing date. Requests can be made by emailing Ms. Rooney at mrooney@caed.uscourts.gov. If the parties are appearing telephonically, each party shall dial 1 (888) 251-2909 and enter access code 1024453.

   *1. Informal Discovery Conference*

In order to file a discovery motion pursuant to Fed. R. Civ. P. 37, a party must receive permission from the Court following an informal telephone conference. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue. Before contacting the Court, the parties must meet and confer by speaking with each other in

---

[1] Parties may seek leave through a telephonic conference among all parties and the Court, or by short motion.

person, over the telephone, or via video in an attempt to resolve the dispute.

Prior to the conference, both parties shall simultaneously submit letters, outlining their respective positions regarding the dispute. The Court will provide the date the letters are due at the time the conference is scheduled. Such letters shall be no longer than three (3) pages single spaced, and may include up to five (5) pages of exhibits. Letters shall be emailed to Magistrate Judge Grosjean's chambers at epgorders@caed.uscourts.gov, and *not* filed on the docket.

At the time of conference, the parties shall dial 1 (888) 251-2909 and enter access code 1024453. Telephonic conferences will not be on the record and the Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

## 2. *Discovery Motions*

If a motion is brought pursuant to Fed. R. Civ. P. 37, after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[2] In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). Motions to shorten time will *only* be granted upon a showing of good cause. If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

A Joint Statement, not to exceed twenty-five (25) pages, must be filed seven (7) calendar days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). In addition to filing the Joint Statement electronically, a copy of the Joint Statement in Word format must be sent to Magistrate Judge Grosjean's chambers via email to epgorders@caed.uscourts.gov. Courtesy copies for any pleading in excess of twenty-five pages (25) (including exhibits) shall also be delivered to chambers via US mail, or hand delivery, at the time the Joint Statement is electronically filed. Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

---

[2] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

### B. *Dispositive Motions*

All Dispositive Pre-Trial Motions shall be served and filed no later than **February 1, 2019,** and will be heard before District Court Judge Lawrence J. O'Neill. In scheduling such motions, the parties shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

#### 1. **Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion. **In addition to complying with the requirements of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties.** The moving party is responsible for filing the joint statement. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to do so.

### VI. <u>Settlement Conference</u>

A settlement conference has not been scheduled at this time.[3] Despite the provisions of Local Rule 270(b), the settlement conference will be conducted by the undersigned Magistrate Judge.

Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference. It is recommended that pertinent evidence to be offered at trial, documents or otherwise, be brought to the settlement conference for presentation to the settlement judge. Neither the settlement conference statements nor communications during the settlement conference with the settlement judge can be used by either party in the trial of this case.

Absent permission from the Court, in addition to counsel who will try the case being present, <u>the individual parties shall also be present</u>[4]. In the case of corporate parties, associations or other entities, and insurance carriers, a representative executive with authority to discuss,

---

[3] In limited circumstances, the Court will consider a joint request to conduct the settlement conference before Magistrate Judge Grosjean, as long as all parties agree to Waive the Disqualification of Settlement Judge pursuant to Local Rule 270(b). Parties can arrange a telephonic conference if they wish to discuss such a conference.

[4] In prisoner civil rights cases, a representative from the Attorney General's Office is sufficient as a party representative.

6

consider, propose and agree, or disagree, to any settlement proposal or offer <u>shall also be present</u>.
A representative with unlimited authority shall either attend in person or be available by phone
throughout the conference. In other words, having settlement authority "up to a certain amount"
is not acceptable.

**IF ANY PARTY BELIEVES THAT A SETTLEMENT CONFERENCE WOULD BE FUTILE, THEN THAT PARTY SHALL CONTACT THE COURT NOT LATER THAN SEVENTY-TWO HOURS PRECEDING THE SCHEDULED SETTLEMENT CONFERENCE.**

*Confidential Settlement Statements*

At least five (5) court days prior to the settlement conference, each party shall submit a Confidential Settlement Conference Statement in Word format directly to Judge Grosjean's Chambers at epgorders@caed.uscourts.gov. The statement shall not be filed on the docket or served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the settlement conference clearly noted on the first page. The Confidential Settlement Conference Statement shall include the following:

    A. A brief statement of the facts of the case.

    B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    C. A summary of the proceedings to date.

    D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    E. The relief sought.

    F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

The parties shall contact that the designated settlement conference judge's chambers to ascertain whether additional settlement conference procedures are required.

**VII. Pretrial Conference**

The pretrial conference is set for **June 5, 2019, at 8:15 a.m.** in Courtroom 4, before District Court Judge Lawrence J. O'Neill. The parties are directed to file a joint pretrial statement that complies with the requirements of this Court's Local Rule 281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in Word format to Judge O'Neill's chambers at ljoorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 281 and 282. This Court will insist upon strict compliance with these rules. At the pretrial conference, the Court will set deadlines to file motions *in limine*, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**VIII. Bench Trial Date**

A four (4) day bench trial is set for **August 6, 2019, at 8:30 a.m.** in Courtroom 4 before District Court Judge Lawrence J. O'Neill. The parties' attention is directed to this Court's Local Rule 285 for the preparation of trial briefs.

**IX. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not requested.

**X. Related Matters Pending**

There is no related litigation.

**XI. Compliance with Federal Procedures**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto. The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

///

**XII.   Effect Of This Order**

This order represents the Court and the parties' best estimated schedule to complete this case.  Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.***  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, that establish good cause for granting the requested relief.  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **January 19, 2018**           /s/ Eric P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE